**4**

JOHN R. ROBERTS
Bankruptcy Trustee
Court@Bankruptcy-info.com
P.O. Box 1506
Placerville, CA  95667-1506
(530) 626-6441

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:                                          CASE NO. **12-36045-D-7**

**TERESA AVALOS**
                                                DC NO.  **JRR-1**

                                                DATE: **DECEMBER 11, 2013**
        Debtor(s).                              TIME:  **10:00 A.M.**
_____/                      COURTROOM:  **34**

## TRUSTEE'S MOTION FOR SALE OF REAL PROPERTY
## 11 U.S.C. § 363(b)

The Motion of JOHN R. ROBERTS, as Trustee of the estate of the above-named

debtor, to sell property of the estate pursuant to 11 U.S.C. § 363(b) respectfully

represents:

1.      That movant is the duly elected, qualified and acting Trustee of the estate

of the above-named debtor(s).

2.      That movant has, as such Trustee, possession of the following asset

belonging to the debtor(s)' estate:

**Single Family Residence commonly known as**
**3914 3rd Avenue, Sacramento, CA 95817**
**APN:  014-0102-002-0000**
Hereinafter "Property"

3.      The Trustee has received an offer from Wynn Real Estate Brokerage Inc.,

no relationship to the debtor, to buy the Property for the sum of $72,000.00, cash as

1

1    evidenced by the Residential Purchase Agreement and Joint Escrow Instructions

2    attached to the Exhibits and marked as **Exhibit  "A"**.

3         4.        That it is in the best interest of the estate that said Property be sold in that

4    it will generate cash for the estate and said sale is for the fair market value.  Given that

5    the sale is subject to overbids, it is anticipated that the Trustee will receive the best and

6    highest value for the Property and therefore the proposed sale price of the Property is

7    fair and reasonable.  If the Sale Motion is not approved, the Estate will lose all potential

8    benefit from the Property because this is a short sale and there is no available equity in

9    the Property, and the agreed upon buyer's premium fee of at least $15,000.00 for the

10   benefit of the Estate will be lost.

11        5.        The Trustee believes that it would be in the best interest of the Estate and

12   its creditors to sell the Property.  The benefits to the Estate, as set forth above, are

13   tremendous due to the funds to be generated from the sale that are anticipated to pay a

14   meaningful distribution to the timely filed unsecured creditor claims.  If the Sale Motion

15   is not approved, the Estate will not receive the sale proceeds and will likely lose the

16   Asghar Agheli Offer. The Trustee does not want to lose this beneficial business

17   opportunity.  Thus, the Trustee has made a business decision that it is in the best

18   interest of the creditors of the Estate that this Sale Motion be approved.

19        6.        An escrow has been opened at FIDELITY NATIONAL TITLE COMPANY,

20   escrow number 6081300248 and a $7,200.00 deposit has been placed with said title

21   company.

22        7.        Liens recorded against the property will be paid in an amount agreed upon

23   by the lien holders.  Lien holders will provide FIDELITY NATIONAL TITLE COMPANY

24   with a Satisfaction of Lien that will be recorded through the escrow. Trustee has

25   reviewed the Preliminary Title Report and has accounted for all recorded liens.  A copy

26   of the Preliminary Title Report is attached to the Exhibits and marked as **Exhibit "B".**

27

28

8.    U.S. BANK NATIONAL ASSOCIATION holds a first deed of trust on the Property and Trustee is proposing to pay the sum of $65,355.26 in full satisfaction of the obligation.

9.    Real property taxes and utility liens to the County of Sacramento will be paid in full.

10.    SDREOS aka Bankruptcy Short Sale Solutions. has been employed by this Court to list, market and short sell the Property pursuant to the Court's Order, a copy of which is attached to the Exhibits and marked as **Exhibit "C".**  The listing agreement called for real estate commission to be paid in the sum of six percent (6%) of the sales price.

11.    Trustee seeks authorization to pay real estate commissions in the amount of six percent (6%) of the purchase.  Through escrow on the sale of the Property, and subject to Bankruptcy Court approval, the Trustee shall pay commissions as follows: SDREOS aka Bankruptcy Short Sale Solutions $2,520.00, Keller Williams Realty $2,520.00.

12.    The usual and customary escrow and title fees will be paid.  The bankruptcy estate will receive a net buyer's premium amount of $15,000.00 from the sale.  A copy of the estimated closing statement is attached to the exhibits and marked as **Exhibit "D".**

13.    The Property is being sold on an "AS IS" basis without warranties of any kind, expressed or implied, being given by the Seller, concerning the condition of the Property or the quality of the title thereto, or any other matters relating to the Property.

14.    The fourteen (14) day stay period of the order approving the sale of the Property under Federal Rules of Bankruptcy Procedure 6004(h) is requested to be waived.

**WHEREFORE,** based upon the foregoing, the Trustee respectfully submits that good cause exists for granting the Sale Motion and requests that the Court enter an order as follows:

1      1.      Authorizing the Trustee to sell the Property to the Buyer (or Successful

2   Bidder) pursuant to the terms and conditions as set forth in the Residential Purchase

3   Agreement and Joint Escrow Instructions attached to the Exhibits and marked as

4   **Exhibit "A"**.

5      2.      Authorizing the Trustee to sign any and all documents convenient and

6   necessary in pursuit of the sale as set forth above, including but not limited to any and

7   all conveyances contemplated by the sale.

8      3.      Approving the payment of the real estate commissions in the total amount

9   not to exceed 6% of the purchase price and all other costs associated with the sale.

10      4.      Waiving the fourteen day stay of the order approving the sale of the

11   Property under Federal Rules of Bankruptcy Procedure 6004(h).

12      5.      For such other and further relief as the Court deems just and proper under

13   the circumstances of this case.

14

15

16   DATED:   November 6, 2013

                                    /s/   JOHN R. ROBERTS, TRUSTEE
17                                        PO Box 1506
                                          Placerville, CA  95667
18                                        530-626-6441
                                          court@bankruptcy-info.com
19                                        State Bar No. 77919

20

21

22

23

24

25

26

27

28